Avery-, J.
This proceeding is an application for a writ of mandamus to compel the respondent to cause to be placed on the Republican primary ballot to be submitted to the electors on August 10, 1920, the name of the relator, Harry Clay Smith, as a candidate for nomination as secretary of state.
The petition in substance alleges that the relator duly filed with the respondent, as secretary of state, his declaration of candidacy for nomination as a Republican candidate for the office of secretary of state, to be voted on at the primary election to be held on August 10, 1920; that said nomination papers were in due and proper form and in full conformity with the statutes governing the same; that the date of filing was within the time limit prescribed by the statutes, and that the relator fully complied with all conditions required for becoming a candidate at said primary election; that a protest against placing relator’s name on said ballot, a copy of which is attached to the petition, was filed with and heard by the secretary of state, and that the secretary of státe rendered a decision sustaining said protest and denying relator' the right to have his nqme appear upon said ballot as a candidate for nomination for the office of secretary of state; and that said decision of the secretary of state was arbitrary and illegal, an abuse of discretion and without authority of law, and based purely on the fact of a similarity in the. names of the preseftt secretary of state, a candidate for re-election to the same office, and that of the relator.
An alternative writ was issued, upon allowance by one of the members of the court, returnable on *360 July 15, 1920, requiring respondent to certify the name of the relator to be placed on the primary ballot as a Republican candidate for the office of secretary of state to be voted for at the primary election on August 10, 1920, or to show cause for his refusal so to do.
Respondent demurred to the petition on the following grounds:
1. The court has no jurisdiction of the subject-matter.
2. The petition does not state facts sufficient to constitute, a cause of action or entitle the relator to the relief demanded.
It is contended, in support of the demurrer, that under Section 4974, General Code, the decision of the secretary of state on a hearing of a protest against the candidacy of any person seeking to become a candidate of any political party is final, and, no matter how arbitrary and unwarranted in law, cannot be controlled by the courts by mandamus or any other proceeding.
With this contention This court cannot agree. In its opinion in State, ex rel. Gongwer, v. GravesSecy, of State, 90 Ohio St., 311, at pages 318, 327 and 328, this court said:
“While this court has repeatedly held that the state supervisor and deputy state supervisors and inspectors of elections have full and final authority to hear and determine questions of a similar nature to the ones here presented, it by no means follows that the courts have no authority to relieve against abuse of discretion or fraudulent and corrupt judgments entered by these officers. * * *
*361 “If the secretary of state abused his discretion, or was guilty of any fraud in the rejection of these additional names, it was the duty of the relator to apply forthwith to a court of competent jurisdiction to compel the secretary by mandamus to perform the duty imposed upon him by the constitution and submit this question to the electors at the general election specified in the constitution itself.”
Section 4974, General Code, after providing before what officers protests shall be heard with regard to candidates for various offices, and that “in the case of protests filed with the state supervisor of elections he shall hear and determine the same and his decision shall bé final,” concludes: “If it is found that such candidate is not an elector of the state, or of the district or county in which he seeks to become a candidate, or has not fully complied with the provisions of law as herein provided, his name * * * shall not be printed upon the ballot; but no declaration of candidacy shall be rejected for mere technical defects.”
By this language limitations are imposed upon the scope of protests provided for in this section. It is apparent from a reading of the petition and the exhibits thereto attached that the protest against the candidacy of the relator here did not fall within these limits, and was, therefore, to all intents and purposes, no protest at all, and the action of the secretary of state sustaining said protest was illegal and without authority of law, and was not properly the exercise of discretion, but, if .anything, rather an abuse of discretion.
*362 If, as alleged in the petition, the relator was an elector of the state and had fully and truthfully complied with the provisions of the law with regard to the preparation and filing of his declaration of candidacy, the secretary of state had no discretion to exercise in the matter, but only a mere ministerial duty to perform, to certify relator’s name to be placed upon the primary ballot.
The petition is, therefore, good against demurrer, and under Section 12294, General Code, in the absence of an answer, the respondent not desiring to plead further, the prayer of the petition must be granted and a peremptory writ of mandamus issued in accordance therewith.
Demurrer overruled and peremptory writ allowed.
Nichols, C. J., Jones, Matthias, Wanamaker and Robinson, JJ., concur.
Johnson, J., took no part in the consideration or decision of the case.